IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OLIN GRIMSLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF ALABAMA and ) <br> WARDEN CROW, ) <br> ) <br> Respondents. ) | Case No.: 2:17-cv-1900-LSC-JEO |

## **MEMORANDUM OPINION**

On or about November 13, 2017, Petitioner Olin Grimsley, an Alabama state prisoner acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Confined at the Staton Correctional Facility in Elmore, Alabama, he challenges a robbery conviction and life sentence imposed in 1994 by the Circuit Court of Montgomery County, Alabama. On February 8, 2018, the magistrate judge to whom the case is referred entered a Report and Recommendation ("R&R") recommending that the action be dismissed for lack of jurisdiction. (Doc. 7). The cause now comes to be heard on Grimsley's Objection to the R&R, filed pursuant to 28 U.S.C. § 636(b)(1). (Doc. 8).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections thereto, the court is of the opinion that the magistrate

judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Suffice it to say that Grimsely's objections, to the effect that a transfer of this action to the United States District Court for the Middle District of Alabama would not be futile because he purportedly (1) is entitled to equitable tolling of the limitations period until 2016 and (2) can establish that he is actually innocent, are adequately addressed in the R&R. The court would further add, as to the latter argument, that a dismissal for lack of jurisdiction here would not affect Grimsely's ability to make whatever actual-innocence arguments he might muster in an effort, under *McQuiggin v. Perkins*, 569 U.S. 383 (2013), to overcome any statute-of-limitations defense that might be raised in the Middle District, were he to re-file his petition in that court. Accordingly, Petitioner's Objections are **OVERRULED**. As a result, the petition for writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction. A separate Final Order will be entered.

**DONE** AND **ORDERED** ON MARCH 5, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704